[Cite as *Kleinman v. Kleinman*, 2013-Ohio-4511.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| BARBARA L. KLEINMAN | : | |
| | : | Appellate Case No. 25435 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 10-DR-1314 |
| v. | : | |
| | : | |
| JEFFREY L. KLEINMAN | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of October, 2013.

. . . . . . . . . . .

CHARLES D. LOWE, Atty. Reg. #0033209, 8087 Washington Village Drive, Suite 102, Dayton, Ohio 45458
        Attorney for Plaintiff-Appellant/Cross-Appellee, Barbara Kleinman

AMY R. BLAIR, Atty. Reg. #0073760, Rogers & Greenberg LLP, 2160 Kettering Tower, Dayton, Ohio 45402
        Attorney for Defendant-Appellee/Cross-Appellant, Jeffrey L. Kleinman

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    Barbara Kleinman appeals from the trial court's judgment entry and divorce decree that, among other things, vacated temporary spousal support and awarded appellee, Jeffrey Kleinman, a credit for temporary spousal support he paid during the pendency of the

action.

**{¶ 2}** In her sole assignment of error, Barbara contends the trial court erred in awarding Jeffrey a credit for the temporary spousal support he paid.[1]

**{¶ 3}** The record reflects that the parties married in 2002 and divorced in 2003. They remarried in 2007. Prior to the second marriage, they entered into a prenuptial agreement. In relevant part, it provides: "Neither party shall be entitled to or granted spousal support from the other. Each party hereby waives and renounces any and all claims he or she may have on the assets or income of the other, including, without limitations, temporary and/or permanent spousal support * * *."

**{¶ 4}** Despite the foregoing agreement, Barbara requested temporary and permanent spousal support in her December 2010 complaint for divorce. The trial court granted the request for temporary spousal support in January 2011, awarding her $2,015 per month. The case proceeded to a final hearing in May and June 2012. At the outset of the hearing, the parties stipulated that the prenuptial agreement was valid. Following the hearing, the trial court filed a decision that resolved various disputed issues. With regard to the temporary spousal support, the trial court reasoned:

> Jeffrey is requesting that he receive a credit of $32,000.00 for temporary spousal support that he was ordered to pay during the pendency of this proceeding. The court finds that awarding Jeffrey $32,000 is appropriate in this instance. As previously stated, both parties waived any right to temporary spousal support, and therefore, Barbara's property division shall be reduced by the $32,000.

---

[1] For purposes of convenience and clarity, we will refer to the parties by their first names.

(Doc. #44 at 8).

{¶ 5} The trial court reiterated this decision in its September 26, 2012 divorce decree, stating:

> * * * **IT IS FURTHER ORDERED** that the temporary support order previously filed in the above-captioned matter shall be and the same is hereby vacated in its entirety. Further, the court previously ordered that the Defendant receive a credit of $32,000 credit [sic] for the temporary spousal support he paid during the pendency of these proceedings against the property settlement payment he owes to the Plaintiff under provision 5 of this Final Judgment and Decree of Divorce.

(Doc. #45 at 3).

{¶ 6} On appeal, Barbara contends a trial court has discretion to award temporary spousal support even when a prenuptial agreement prohibits it. She claims the trial court erred in essentially concluding that the prenuptial agreement compelled it to deny temporary spousal support. According to Barbara, "the Trial Court never got to the point of exercising its discretion on the issue. Rather, the Court clearly concluded that it did not have the authority or discretion to award *temporary* spousal support in light of the language of the prenuptial agreement." (Emphasis sic.) (Appellant's brief at 4). As a result, she seeks a reversal of the judgment on that issue with an instruction for the trial court to exercise its discretion as to whether it should vacate the temporary spousal-support award and give Jeffrey a credit for the support he paid.

{¶ 7} Upon review, we find Barbara's argument to be unpersuasive. "It is well settled in Ohio that public policy allows the enforcement of prenuptial agreements." *Fletcher v.*

*Fletcher*, 68 Ohio St.3d 464, 466, 628 N.E.2d 1343 (1994). "Such agreements are valid and enforceable (1) if they have been entered into freely without fraud, duress, coercion, or overreaching; (2) if there was full disclosure, or full knowledge and understanding of the nature, value and extent of the prospective spouse's property; and (3) if the terms do not promote or encourage divorce or profiteering by divorce." *Gross v. Gross*, 11 Ohio St.3d 99, 464 N.E.2d 500 (1984), paragraph two of the syllabus. Although a prenuptial agreement must meet these "special" conditions, in all other respects such agreements are contracts; and contract law generally applies to their application and interpretation. *Fletcher* at 467; *see also Saari v. Saari*, 9th Dist. Lorain No. 08CA9507, 2009-Ohio-4940, ¶ 25.

{¶ 8} In the present case, of course, the parties stipulated to the validity of their prenuptial agreement that waived any claim to temporary or permanent spousal support. In arguing that a trial court may award temporary support despite a prenuptial agreement to the contrary, Barbara cites this court's opinion in *Buzard v. Buzard*, 2d Dist. Clark No. 2011 CA 18, 2012-Ohio-2658. Therein, this court did opine that "a trial court 'may award temporary support during the pendency of a divorce action pursuant to R.C. 3105.18 despite the existence of an antenuptial agreement to the contrary * * *.'"[2] *Id.* at ¶38, quoting *Cangemi v. Cangemi*, 8th Dist. Cuyahoga No. 86670, 2006-Ohio-2879, ¶14. In a separate concurring opinion that garnered the votes of two members of the *Buzard* panel, however, Judge Thomas Grady identified the limited circumstances under which a trial court may award temporary spousal support in contravention of a prenuptial agreement. Specifically, "[a]bsent one of the impediments identified in *Gross*," the

---

[2] The lead opinion in *Buzard* actually held, however, that the trial court had abused its discretion in awarding what amounted to temporary support in contravention of an antenuptial agreement that it had failed to consider. *Buzard* at ¶36, 38-39.

agreement is enforceable and a trial court may not order relief the agreement prohibits. *Id*. at ¶49. Thus, absent a finding that one of the *Gross* exceptions applies, a trial court abuses its discretion in ordering temporary support that is precluded by a prenuptial agreement. *Id.*

{¶ 9}     Here Barbara does not argue that the prenuptial agreement is unenforceable for any reason. Indeed, her stipulation to the agreement's validity precludes such an argument. Because the parties' prenuptial agreement waiving temporary spousal support is valid and enforceable, the trial court could not award Barbara temporary spousal support. Therefore, we will not remand for the trial court to exercise any "discretion" with regard to the issue. Barbara's assignment of error is overruled.

{¶ 10}   The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, J., concur.

Copies mailed to:

Charles D. Lowe
Amy R. Blair
Hon. Timothy D. Wood